1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SUBSPACE OMEGA, LLC,<br><br>                    Plaintiff,<br>          v.<br><br>AMAZON WEB SERVICES, INC.,<br><br>                    Defendant. | CASE NO. 2:23-cv-01772-TL<br><br>ORDER ON MOTION FOR<br>PROTECTIVE ORDER AND TO<br>STAY DISCOVERY |

This is an antitrust action for damages and injunctive relief under the Sherman Act for the alleged monopolization or attempted monopolization of certain markets for internet services, as well as related claims. This matter is before the Court on Defendant Amazon Web Services, Inc.'s Motion for Protective Order and to Stay Discovery. Dkt. No. 37. Having reviewed Plaintiff Subspace omega, LLC's response (Dkt. No. 39), Defendant's reply (Dkt. No. 41), and the relevant record, the Court GRANTS the motion and STAYS discovery pending the resolution of Defendant's motion to dismiss.

## I.   BACKGROUND

On November 18, 2023, Plaintiff filed the original Complaint in this matter. Dkt. No. 1. On February 4, 2024, Plaintiff served Defendant. Dkt. No. 11. Pursuant to the Court's initial case scheduling order (Dkt. No. 21), the Parties held a conference pursuant to Federal Rule of Civil Procedure 26(f) on March 22 and exchanged initial disclosures on April 5. Dkt. No. 37 at 4. After Defendant filed an initial motion to dismiss, Plaintiff filed the operative Amended Complaint on April 29. Dkt. No. 25. Defendant moved to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and that motion remains pending. Dkt. No. 32. Defendant now brings the instant motion to stay discovery pending the Court's decision on its motion to dismiss. Dkt. No. 37; *see also* Dkt. No. 41 (reply). Plaintiff opposes. Dkt. No. 39.

## II.   LEGAL STANDARD

"[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (collecting cases). For example, district courts have wide discretion in controlling discovery, including by staying discovery. *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Federal Rule of Civil Procedure 26(c) also permits parties to seek a protective order to limit discovery for good cause, "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."

## III.   DISCUSSION

"The Ninth Circuit does not appear to have set forth any rules or standards governing such stays of discovery." *HUB Int'l Nw. LLC v. Larson*, No. C22-1418, 2023 WL 2527150, at *2 (W.D. Wash. Mar. 15, 2023). This Court has found the following factors relevant to whether a stay of discovery is appropriate while a Rule 12(b)(6) motion is pending: (1) whether the pending motion could dispose of the entire case; (2) whether the motion could be decided

without additional discovery; (3) "the possible damage which may result from the granting of a stay"; (4) "the hardship or inequity which a party may suffer in being required to go forward"; and (5) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *See HUB Int'l*, 2023 WL 2527150, at *3 (first citing *Travelers Prop. Cas. Co. of Am. v. H.D. Fowler Co.*, No. C19-1050, 2020 WL 832888, at *1 (W.D. Wash. Feb. 20, 2020); then quoting *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005)). Here, the Court finds that these factors weigh in favor of a stay.

Significantly, Plaintiff went out of business by May 31, 2022, and then did not file its original Complaint for another year and a half and its Amended Complaint for almost two years. *See* Dkt. No. 25 ¶ 178; Dkt. No. 1. Plaintiff also did not serve its first discovery requests until August 14, 2024, nearly four months after the Amended Complaint was filed. Plaintiff's significant delays in prosecuting its case indicate that any possible harm from a stay is greatly diminished here. Indeed, Plaintiff does not identify any new or ongoing harm that would result from a stay, such as loss of particular discovery; indeed, all alleged harm (*i.e.*, going out of business) appears to be fixed in the past. *See* Dkt. No. 39 at 11–12. Moreover, contrary to Plaintiff's contention (Dkt. No. 39 at 12), a stay will not shorten or otherwise prejudice Plaintiff's ability to complete discovery, as the Court will allow the Parties to request a new case schedule, if appropriate, after its ruling on the Motion to Dismiss is issued.

On the other hand, "[i]n antitrust cases [a stay of discovery pending a Rule 12(b)(6) motion] especially makes sense because the costs of discovery in such actions are prohibitive." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987); *see also In re Netflix Antitrust Litig.*, 506 F. Supp. 2d 308, 321 (N.D. Cal. 2007) ("[S]taying discovery may be particularly appropriate in antitrust cases, where discovery tends to be broad, time-consuming,

1   and expensive."). Thus, Defendant may suffer harm in being required to go forward with

2   discovery at this stage, particularly given the breadth of Plaintiff's requests. *See* Dkt. No. 38-1

3   (Plaintiff's first set of interrogatories and requests for production).

4         The other factors also weigh in favor of a stay. Without commenting on the merits of

5   Defendant's pending motion, the Court notes that the motion is not frivolous and could dispose

6   of the entire case, as Defendant seeks dismissal of all of Plaintiff's claims. *See* Dkt. No. 32.

7   Contrary to Plaintiff's characterization, Defendant is not required to show that the Amended

8   Complaint "has virtually no chance of surviving the Motion to Dismiss" (Dkt. No. 39 at 5). It is

9   simply relevant (though certainly not sufficient overall) that the motion may be completely

10  dispositive. *See HUB Int'l*, 2023 WL 2527150, at *3.

11        Further, the motion will be necessarily decided without additional discovery, as the Court

12  is required to accept the complaint as true. *See Rutman Wine Co.*, 829 F.2d at 738 ("The purpose

13  of [Rule 12(b)(6)] is to enable defendants to challenge the legal sufficiency of complaints

14  without subjecting themselves to discovery."). And even if the motion does not result in

15  complete dismissal of all claims, the issues are more likely to be simplified than complicated,

16  and the Parties will have a greater understanding of the claims as they engage in discovery. *See*

17  *In re Google Digit. Advert. Antitrust Litig.*, No. C20-3556, 2020 WL 7227159, at *3 (N.D. Cal.

18  Dec. 8, 2020) ("This limited stay of discovery [for several months] does not unduly prejudice

19  Plaintiffs and allows all parties to commence discovery with a better understanding of which

20  claims, if any, they must answer."); *In re Graphics Processing Units Antitrust Litig.*, No. C06-

21  7417, 2007 WL 2127577, at *5 (N.D. Cal. July 24, 2007) ("[A]djudicating the motions to

22  dismiss will shed light on the best course for discovery.").

23        For all these reasons, the Court finds that a stay of discovery is appropriate here.

24

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

### IV.   CONCLUSION

Accordingly, Defendant's Motion for Protective Order and to Stay Discovery (Dkt. No. 37) is GRANTED. Discovery in this matter is STAYED until **fourteen (14) days** after Defendant files an Answer, should the Court deny Defendant's motion to dismiss.

Dated this 9th day of October 2024.

Tana Lin
United States District Judge